UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

RANDY BEA ANDERSON,        )
                           )
        Plaintiff          )
                           )        No. 1:13-0154
v.                         )        Senior Judge Haynes/Brown
                           )        **Jury Demand**
DR. COBLE, *et al.*,       )
                           )
        Defendants         )

**TO:  THE HONORABLE WILLIAM HAYNES, JR.**

<u>**REPORT AND RECOMMENDATION**</u>

        For the reasons stated below, the Magistrate Judge recommends that the case against the Defendants Martin, Mooney, Sparks and Ashe be dismissed for failure to obtain service of process under Rule 4(m).

**BACKGROUND**

        The Plaintiff filed a complaint in this matter on December 13, 2013, against these four individuals and others. Senior Judge Haynes held a hearing in the matter on February 14, 2014 (Docket Entry 36) in which he directed the Clerk to send the Plaintiff a service packet for each of the Defendants named in the action. It appears that the Plaintiff did return service packets on October 8, 2014 (Docket Entry 40). Summonses were returned unexecuted as to the Defendants Ashe, Martin, Mooney[1] and Sparks

_____

        [1]The docked sheet did not reflect a return of service regarding Mooney.  Upon checking with the Marshall it was determined that the subpoena was returned unexecuted as "no longer worked at the address shown".  The Marshal had not returned it to the Clerk.  The advised they would file the return promptly.

(Docket Entries 41 through 43).  The docket sheet does not reflect that the Plaintiff took any further action to complete service of process on these four individuals, through either discovery to obtain better addresses or to ascertain the status of service of process on Mooney.

## LEGAL DISCUSSION

Rule 4(m) as written in 2013 provided a 120-day period of time to obtain service of process before the case was subject to dismissal.

The Magistrate Judge advised the Plaintiff he would be submitting a report and recommendation to dismiss these four defendants and if the Plaintiff thought he had grounds for failing to secure service of process he should do so in objections to the report and recommendation. The only reason given during the conference call by the plaintiff was that he did not know what he should have done. Absent the Plaintiff filing objections to this report and recommendation, showing good cause for failure to obtain service of process, the Rule is clear that the Court must dismiss the action against these Defendants without prejudice. The case will remain at this stage as to the served defendants.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that absent good cause shown by the Plaintiff, the claims against these four Defendants be dismissed without prejudice for failure to obtain service of process.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 9th day of August, 2016.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge