UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| RANDY BEA ANDERSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 1:13-0154 |
| v. ) | Judge Crenshaw/Brown |
| ) | **Jury Demand** |
| DR. COBLE, *et al.*,[1] ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE WAVERLY D. CRENSHAW, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Defendants' motion for summary judgment (Docket Entry 81) be granted and since they are the only remaining Defendants, this case be dismissed with prejudice. It is further recommended that any appeal from such a dismissal not be certified as taken in good faith.

### BACKGROUND

The Defendants in their memorandum (Docket Entry 82) in support of their motion for summary judgment (Docket Entry 81) provide a detailed background and statement of facts.

The Plaintiff did not respond to the statement of uncontested facts or file a response to the motion for summary judgment. The Plaintiff was specifically advised (Docket Entry 90) that a response to the motion was due 28 days after January 17, 2017. Because the Plaintiff had recently been transferred from one

---

[1]The correct spelling of this Defendant's name is Coble.

institution to another the Clerk was directed to send the Plaintiff copies of Docket Entries 81 through 87 in this case and the Plaintiff was specifically told that he had until March 3, 2017, to file a response. He was specifically cautioned that failure to respond could result in the relief requested being granted and that he could not simply rely on his complaint, but needed to show that there was a material dispute of facts, with citations of record, affidavit, or other matters of evidence. As of the date of this report and recommendation the Plaintiff has not responded to the motion. He was provided a copy of the docket sheet at his request (Docket Entries 93 and 94). The Plaintiff did request why additional funds were being taken from his trust account (Docket Entry 93). Nothing has been received as of the date of this report in response to the statement of uncontested facts or to the motion for summary judgment.

The Plaintiff has filed a number of lawsuit concerning his confinement in various facilities in the State of Tennessee. *See Anderson v. Wagonshults, et al.,* Case 1:13-CV-88, which was dismissed based on a report and recommendation by Magistrate Judge Holmes (Docket Entry 105).

*Anderson v. South Central Corrections Facility*, Case 1:14-CV-21, which was also dismissed based on a report and recommendation by Magistrate Judge Holmes. In this case he made many of he same complaints that were made in the *Wagonshults* case

concerning medical treatment and violations of the Americans With Disabilities Act.

*Anderson v. Bellus*, Case 1:14-CV-128, which was dismissed by Senior Judge Haynes (Docket Entry 79).

*Anderson v. River Bend Maximum Security Institution*, Case 3:15-CV-0005, which was dismissed by Chief Judge Sharp (Docket Entry 6).

It appears that in the closed cases the Plaintiff also failed to respond to motions for summary judgment, to the Magistrate Judge's report and recommendation, or take appeals from final orders.

It is apparent from the medical records in the various cases that Plaintiff has, including a companion case to this one, *Anderson v. Coble*, Case 1:14-CV-94, where there is a pending report and recommendation to dismiss (Docket Entry 62) that the Plaintiff has significant problems in a prison setting.

Even though the Plaintiff has not responded the Magistrate Judge has nevertheless reviewed the statement of uncontested facts to insure that there is a factual basis for them. Accordingly, the Magistrate Judge adopts the background statement of facts presented in the Defendants' memorandum (Docket Entry 82) for the purpose of this report and recommendation.

In essence the medical records show that from the time the Plaintiff arrived at South Central Correctional Facility (SCCF) around July 17, 2013, from Morgan County Correctional Complex

(MCCX) he was seen numerous times by various members of the medical staff, including the three remaining Defendants. The Plaintiff was seen and examined by Dr. Coble concerning his complaint of right leg pain and was prescribed antibiotics and various pain medications. He was scheduled for the chronic care clinic at SCCF. Unfortunately, it appears that he did not show for his first chronic care clinic appointment. The medical records show that Dr. Coble saw and treated the Plaintiff several times while he was at SCCF until his transfer to another institution around September 24th.

The medical records also show that the Plaintiff was examined several times for mental issues by Dr. Reddy and was prescribed medications to treat his various symptoms. Although the Plaintiff complained that the medication he was prescribed at SCCF was not as effective as the medication he had previously been prescribed at MCCX there is no dispute that the Plaintiff was provided medication for his mental issues. Over the course of his stay at SCCF, Dr. Reddy adjusted his mental health medications on several occasions until his transfer.

The remaining Defendant, Dr. Bruster, was the dentist who treated the Plaintiff. As noted in the memorandum (Docket Entry, page ID 246) the Plaintiff was inconsistent in whether he saw Dr. Bruster or not prior to filing his complaint. The medical records show that he clearly did see Dr. Bruster on numerous occasions. Based on his examination, Dr. Bruster did determine that the

Plaintiff needed several teeth extracted and placed the Plaintiff on a dental wait list to receive that treatment. Pending the extraction of the teeth the Plaintiff was placed on antibiotics and pain medication. It appears from the record that the Plaintiff's teeth were not extracted immediately since he was placed on the dental wait list on November 12, 2013, and as of December 20, 2013, he was still on the wait list to receive dental care. In January 2014 the Plaintiff was still having dental issues and consented to having Dr. Bruster extract two teeth on January 7, 2014, and for all of his lower teeth to be extracted on January 21, 2014.

On February 25, 2014, five additional teeth were extracted and he was prescribed pain medication throughout the entire procedure. On September 4, 2014, Dr. Bruster took impressions for new upper and lower dentures for the Plaintiff after allowing sufficient time for his mouth to heal from the multiple extractions.

In addition to the evidence presented by the three Defendants that they did provide appropriate medical treatment, the Defendants also raised the defense that the Plaintiff did not file administrative grievances against the three Defendants. They support this claim with records from the inmate grievance records maintained by the Tennessee Offender Management Information System (TOMIS). They point out that the complaints he filed against Dr. Coble related to grievances in May and July of 2014 concerning his swallowing razor blades. Those complaints related to a separate

5

case filed by the Plaintiff against Dr. Coble. *Anderson v. Coble*, Case 1:14-CV-0094, in which there is a pending recommendation to dismiss those claims (Docket Entry 62). There is no record of any grievances against Drs. Bruster or Reddy.

**STANDARD OF REVIEW**

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts...must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

**LEGAL DISCUSSION**

As an initial matter, after a thorough review of the records, the Magistrate Judge believes that the Defendants' argument that the Plaintiff has failed to exhaust his administrative remedies is well-taken. Under 42 U.S.C. § 1997e(a) the prisoner must exhaust all available administrative remedies before filing a lawsuit. *Jones v. Bock*, 549 U.S. 199, 211 (2007). This is an affirmative and the Defendants have raised it in this case. The Plaintiff has not responded by showing the existence of a proper grievance against any of these three Defendants about the subject matter of this lawsuit.

Even if the Plaintiff was found to have exhausted the administrative grievance process the Plaintiff's claims still fail on the merits. To establish an Eighth Amendment violation for inadequate medical care a plaintiff must allege acts or omissions that show deliberate indifference on the part of prudent officials to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference has been defined as the reckless disregard of the substantial risk of serious harm. Mere negligence will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994).

The pleadings in this case show that the Plaintiff did have medical issues that required treatment. However, the Plaintiff has totally failed to meet his burden that any of the three

7

Defendants ignored serious medical needs and deliberately or wantonly exposed him to undue suffering or threat of serious harm.

The records show that the Plaintiff was treated by each of the three individuals and was prescribed various medical procedures and drugs for his problems. The fact that the Plaintiff may disagree or have desired a different treatment is not controlling. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *Dotson v. Correctional Medical Services*, 584 F.Supp.2d, 1067 (W.D. Tenn. 2008).

The Magistrate Judge agrees with the analysis provided by the Defendants in this case and will not prolong this report and recommendation by repeating the arguments therein.

To the extent the Plaintiff has complained about shower facilities at SCCF and whether he was handcuffed in the front or back while being escorted through the facility likewise fails for the reasons stated in the memorandum (Docket Entry 82). These three Defendants do not control the shower facilities or how prisoners are handcuffed while being moved within the facility.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the Defendants' motion for summary judgment be granted and this case be dismissed with prejudice. The Magistrate Judge further recommends that any appeal from a decision of dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 19th day of April, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge